IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| BARRY MATTHEWS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 14-445-GMS |
| JUDGE T. HENLEY GRAVES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Barry Matthews ("Matthews"), a former inmate at the Sussex Community Correctional Center, Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6, 8.) The court proceeds to review and screen the complaint and will consider Matthews request for counsel. (D.I. 4.)

## I. BACKGROUND

Matthews was cited for violation of probation and was scheduled to appear for a hearing on November 1, 2013 at the Superior Court for Sussex County. The complaint alleges that on November 1, 2013, the defendants Cpl. Boney ("Boney"), Cpl. Outten ("Outten"), and John Doe were court and transit officers at the Sussex County Superior Courthouse when they committed assault and battery against Matthews while he was handcuffed and shackled causing him injury. Matthews alleges that the defendant Lt. Nickel ("Nickel") failed to take action to curb the physical abuse and the defendant Officer Purnell ("Purnell") did not intervene to prevent the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

assault. The assault took place as Matthews was leaving the courtroom of the defendant Judge T. Henley Graves ("Judge Graves"). Due to the altercation, Judge Graves vacated Matthews' sentence. Matthews alleges that the defendant Warden David Hall ("Hall"), as the warden for court and transit out of Smyrna, was responsible for ensuring supervision and discipline over his staff.

The defendants Nurse Dean and Nurse Walker were on duty. Matthews alleges that they failed to provide him adequate medical care.

Matthews submitted a grievance on the same day as the incident. Matthew alleges that the defendants Staff Lt. King ("King") and Staff Lt. Troxler ("Troxler") were responsible for reviewing disciplinary complaints. The defendant Capt. Kendall ("Kendall") was the investigative officer on the matter, and Matthews alleges that Kendall conducted an improper investigation. Matthews submitted a second grievance on November 10, 2013 and asked for the address of Hall and to speak to the defendant Internal Affairs ("Internal Affairs"), King, and the deputy warden. Matthews alleges that Internal Affair was negligent when it did not speak to him following his request. Matthews submitted additional grievances regarding the incident on November 17, 2013 and January 12, 2004.

A review of sentence was scheduled for November 8, 2013 to address the issue of Matthews' sentence. During the November 8, 2013 hearing, Matthews indicated that he was contesting the violation. A contested violation of probation hearing was set for December 12, 2013 and then rescheduled for December 20, 2013. Matthews alleges that during one of the December hearings, the defendant Cpl. Ryan ("Ryan") told the defendants public defenders Mr. Capone ("Capone") and Dean Johnson ("Johnson") there was only one camera showing the cell.

2

Matthews alleges that Judge Graves did not honor his words to provide Matthews a review of sentence or a contested hearing. Matthews alleges that Johnson and Capone did not provide him adequate legal representation.

Matthews seeks compensatory and punitive damages, injunctive relief, and requests counsel.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Matthews proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Matthews leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Immunity

Judge Graves and Ryan are immune from suit. With regard to Judge Graves, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). The complaint contains no allegations that Judge Graves acted outside the scope of his judicial capacity or in the absence of his jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Matthews appears to allege that Ryan provided testimony regarding the November 1 incident and whether the matter had been recorded. With regard to Ryan, witnesses are immune from suit with respect to any claim based on a the witnesses testimony. *See McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir.1992).

Accordingly, Judge Graves and Ryan will be dismissed as defendants as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### B. Respondeat Superior

Plaintiff alleges that Warden Hall is was responsible for ensuring supervision and discipline over his staff. Hall is named as a defendant based upon his supervisory position. "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). When a supervisory official is sued in a civil rights action, liability can only be imposed if that official

5

played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990)). To maintain a claim for supervisory liability, a plaintiff "must show: (1) that the supervising official personally participated in the activity; (2) that the supervising official directed others to violate a person's rights; or (3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Matthews' claims against Hall are not sufficient to state a claim. The complaint does not allege that Hall personally participated in the alleged unlawful activity, that he directed others to violate Matthews' rights, or that he had knowledge of and acquiesced in the alleged violations. The facts, as alleged, do not rise, or come close to rising, to the level of a constitutional violation. The claims are frivolous, and therefore, Hall will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Medical Needs

Plaintiff alleges that Dean and Walker were on duty on November 1, 2013, that they did not provide adequate medical care, and that they are responsible for ensuring that inmates are provided medical care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104. A prison official is

6

deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

Even when reading the complaint in the most favorable light to Matthews, he fails to state actionable constitutional claims against Dean and Walker for deliberate indifference to a serious medical need. Rather, the complaint alleges that Dean and Walker did not provide adequate medical care - it does not allege that Matthews did not receive care or that Dean and Walker were deliberately indifferent to Matthews' medical needs. It appears that Matthews received treatment, albeit not to his liking.

The claims against Dean and Walker are frivolous. Therefore, they will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**D. Grievances**

Matthews submitted several grievances concerning the November 1, 2013 and its aftermath. He alleges that King and Troxler were responsible for reviewing the disciplinary complaints, that Kendall conducted an improper investigation, and that he asked to speak to Internal Affairs and it was negligent when it did not speak to him.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Matthews bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011)

7

(unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). In addition, because a prisoner has no free-standing constitutional right to an effective grievance process, Matthews cannot maintain a constitutional claim against Kendall and Internal Affairs based upon his perception that they failed to properly investigate his grievances. *See id.* Nor was there a mandatory duty to investigate the November 1, 2013 incident. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007) (unpublished) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) (holding inmates failed to state a claim against state officials for failing to investigate or prosecute civil rights violations). Finally, the denial of grievance appeals does not in itself give rise to a constitutional claim as Matthews is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Matthews cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, there was an inadequate investigation, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Kendall, King, Troxler, and Internal Affairs as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### E. Public Defenders

As alleged by Matthews, he was represented by Capone and Johnson, public defenders for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). The claims against Capone and Johnson are legally frivolous.

Therefore, they will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**F. Request for Counsel**

Matthews seek counsel on the grounds that he is unable to afford counsel, the issues are complex, he has limited knowledge of the law, and limited law library access. (D.I. 4.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Matthews' ability to articulate his claims and represent himself. In addition, Matthews is no longer incarcerated and, therefore, it should be easier for him to access library resources. Thus, in these circumstances, the court will deny without prejudice to renew the request for counsel. Should the need for counsel arise later, one can be appointed at that time.

## IV. CONCLUSION

For the above reasons, Matthews may proceed on the excessive force and failure to protect claims raised against Lt. Nickel, Officer Purnell, Cpl. Boney, Cpl. Outten, and John Doe. The court will dismiss the remaining claims and defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2) as frivolous and because certain defendants are immune from suit. The court will deny without prejudice to renew Matthews' request for counsel.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Sept 16, 2014
Wilmington, Delaware

10